ELECTRONICALLY FILED
2022 Dec 21 PM 1:03
CLERK OF THE JEFFERSON COUNTY DISTRICT COURT
CASE NUMBER: JF-2022-CV-000073
PII COMPLIANT

EXHIBIT 6

IN THE SECOND JUDICIAL DISTRICT
DISTRICT COURT OF JEFFERSON COUNTY, KANSAS
CIVIL DEPARTMENT

CRYPTO COLO CENTER CORP,

        Plaintiff,

vs.                                                 Case No. JF-2022-CV-000073

DEI VITAE ENTERPRISES, LLC AND
JAMES REUBEN BURTON, JR.,

        Defendants.

## ANSWER AND COUNTERCLAIM

COME NOW the defendants, Dei Vitae Enterprises, LLC ("DVE") and James Reuben Burton, Jr. ("Burton"), and each of them, and for their answer state:

1. Each and every allegation set forth in plaintiff's Petition not specifically admitted herein is denied.

2. Defendants have insufficient information to form a belief as to the allegations of paragraph 1 of the Petition and, for this reason, deny said allegations.

3. The allegations of paragraph 2 of the Petition are admitted.

4. It is admitted as alleged in paragraph 3 that Burton is an individual who resides in North Carolina. The remaining allegations of paragraph 3 of the Petition are denied.

5. The allegations of paragraph 4 of the Petition concerning defendants' alleged commission of tortious acts are denied. The remaining allegations of paragraph 4 of the Petition are admitted.

{T0477057}                                    1

6. In response to paragraph 5 of the Petition, it is denied that a substantial part of the complained-of events or omissions occurred within this judicial district for the reason that it is denied that the complained-of events or omissions occurred at all.

7. In response to paragraph 6 of the Petition, it is denied that CCC is a colocation data center company and further denies that it has an active business such as is described in paragraph 6 of the Petition.

8. Paragraph 7 of the Petition is admitted.

9. The allegations of paragraph 8 of the Petition are admitted.

10. In response to paragraphs 9, 10 and 11, the defendants state that the Lease speaks for itself and that the allegations of paragraphs 9, 10 and 11 of the Petition are admitted to the extent consistent with the terms of the Lease but denied in all other regards.

11. In response to paragraph 12 of the Petition, it is admitted that CCC has engaged in efforts to secure permits to conduct business operations at the premises, but denied that DVE has failed to cooperative with these efforts in a manner required by the Lease. Such cooperation was required in the first 30 days after execution of the lease. DVE provided cooperation during such time period.

12. In response to paragraph 13 of the Petition, it is admitted that notice was provided on October 10, 2022, but denied that DVE was required to sign any affidavit and denied that such affidavit was, in fact, even necessary to CCC's application for a conditional use permit. In fact, such affidavit has been subsequently determined not to be necessary. It is admitted that Susan Burton indicated that DVE would not provide the ultimately unnecessary affidavits.

13. In response to paragraph 14 of the Petition, it is admitted that CCC provided DVE with correspondence dated October 17, 2022 but denied that this correspondence correctly

detailed the obligations of DVE under the Lease or correctly detailed DVE's alleged breaches of the Lease. It is admitted that DVE has failed to provide the affidavits requested, but is certain in this regard that DVE's actions were in accord with the Lease.

14. The allegations of paragraph 15 of the Petition are denied.

15. The allegations of paragraph 16 of the Petition are admitted.

16. The allegations of paragraph 17 of the Petition are admitted to the extent consistent with the Letter Agreement, but denied in all other respects.

17. The allegations of paragraph 18 of the Petition are denied for the reason that specific obligations in the Letter Agreement with which Burton alleged did not comply are not identified.

18. In response to paragraphs 19 and 20, it is acknowledged that CCC provided DVE with a memorandum, but asserted in this regard that the memorandum had terms not acceptable to DVE and, consequently, was not required to be executed by DVE.

19. The allegations of paragraph 21 of the Petition are denied.

20. In response to paragraph 22, it is admitted that Burton acted as a contract operator for wells until on or about October 13, 2022. The remaining allegations of paragraph 22 are denied.

21. In response to paragraph 23, it is admitted that Burton was given access to PayPal accounts of CCC, but denied that such PayPal account was used for any improper purpose.

22. The allegations of paragraphs 24, 25, 26, 27, 28, 29, 30 and 31 of the Petition are denied.

## ANSWER TO COUNT I
### Breach of Contract, CCC-DVE Lease Agreement,
### Money Damages or Specific Performance
### (Claim against DVE)

23. In response to paragraph 32 of the Petition, these defendants incorporate their responses to paragraphs 1 through 31 of the Petition.

24. In response to paragraph 33 of the Petition, these defendants admit that CCC and DVE entered into a Lease Agreement, but deny that CCC has complied with all of its obligations with respect to the Lease Agreement.

25. The allegations of paragraph 34 of the Petition are denied.

26. In response to paragraph 35 of the Petition, DVE states that it denies that it had an obligation to assist in obtaining permits beyond the 30-day period established by the terms of the Lease, but asserts in this regard that, pursuant to court order and a preliminary injunction, DVE has executed documents necessary to CCC's efforts to secure permits for its operations at the premises.

27. The allegations of paragraph 36 of the Petition are denied.

28. In response to paragraph 37, these defendants state that the Lease speaks for itself, and deny that DVE has breached the Lease, and deny that CCC is entitled to damages under the Lease.

29. In response to paragraph 38 of the Petition, these defendants deny that this is a case in which specific performance of the contract is warranted. The contract itself provides a specific remedy for alleged breach of the contract and plaintiff should be limited to that remedy.

## ANSWER TO COUNT II
### Conversion/Civil Theft, Money Damages
### (Claim against Burton and DVE)

30. In response to paragraph 39 of the Petition, these defendants incorporate their responses to paragraphs 1 through 31 of the Petition.

31. The allegations of paragraphs 40, 41, 42, 43 and 44 of the Petition are denied.

## ANSWER TO COUNT III
### Defamation *Per Se*
### (Claim against Burton and DVE)

32. In response to paragraph 45 of the Petition, these defendants incorporate their responses to paragraphs 1 through 31 of the Petition.

33. These defendants deny the allegations of paragraphs 46, 47, 48, 49 and 50.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Petition fails to state a claim upon which relief may be granted.

2. There is a failure of consideration regarding the Lease referred to in plaintiff's Petition.

3. Plaintiff's claims are barred by the doctrine of unclean hands.

4. Plaintiff has breached the Lease referred to in plaintiff's Petition and such breach excuses performance of defendant DVE under such Lease.

WHEREFORE, defendants pray that plaintiff take nothing against them by plaintiff's Petition and for such other and further relief as the court may deem just and equitable.

## COUNTERCLAIM

COMES NOW defendant Dei Vitae Enterprises, LLC ("DVE") and for its Counterclaim states:

1. DVE and Crypto Colo Center Corp. ("CCC") entered into the Lease attached as Exhibit A to plaintiff's Petition on February 16, 2022.

2. Since February 16, 2022, CCC has been in possession of the leased property.

3. While in possession of the leased property CCC has violated the Lease in the following particulars:

(1) CCC has directed the dumping of production water contaminated with mineral salts on the ground in violation of applicable Kansas rules and regulations. The production water was from the production tanks of KLMKH Inc., a shareholder of CCC. Not only was the water improperly dumped but the water was not properly reported to the state per the rules of the KCC on the reporting of disposal water. An employee contractor of KLMKH was directed by CCC to dump that water to help in the construction of a pad on the premises. The water has and will be detrimental to the leasable acreage for future farming use.

(2) The leased property has been trenched for the purpose of using a polyethylene line to connect to a steel infrastructure previously installed. Connecting a polyethylene line to steel in a trunk line is prohibited by Kansas rules and regulations. The free water knockout at the tank batter must also be connected with the high-pressure separator and repaired before any production can commence and so far as DVE is aware no efforts have been made to this end.

(3) It is DVE's understanding that Tim Park, in violation of Kansas rules and regulations, is presently operating wells where there has been no T-1 issued for his license to transfer the wells into his control and on to his insurance.

(4) The well control insurance on the property remains in the name of Reuben Burton. If the operator on the property is now Tim Park, then Tim Park is required by applicable rules and regulations to have insurance in his name as operator.

(5) The state lists no fewer than five (5) wells out of compliance with CP111 documents overdue and out of compliance.

4. On information and belief, DVE states that additional violations of law, and of the Lease, have been committed by CCC which resulted in a fire on the leased premises.

5. As a consequence of CCC's violations of law, and the Lease, DVE is entitled to terminate the Lease and recover damages caused by CCC to DVE.

WHEREFORE, DVE prays that the Lease attached as Exhibit A to the Petition be terminated, and that DVE recover damages from CCC in an amount in excess of $75,000, and for such other relief as the court deems just and equitable.

        Respectfully submitted,

/s/ Justice B. King
Justice B. King   #09009
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th Street
Topeka, KS 66606
(785) 232-7761 | (785) 232-6604 – fax
E-mail: jking@fpsslaw.com
**Attorney for Defendants**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically on the 21st day of December, 2022, providing notice to the following:

Luke R. VanFleteren, #29203
David E. Bengtson, #12184
STINSON LLP
1625 N. Waterfront Parkway
Wichita, KS 67206
(316) 265-8800 | (316) 265-1349 – fax
luke.vanfleteren@stinson.com | david.bengtson@stinson.com
**Attorneys for Plaintiff**

        /s/ Justice B. King
        Justice B. King