# MARIGNY PARTNERS LTD.

26/27 Pembroke Street Upper, Dublin, Ireland, D02 X361

Telephone +1.917.675.4864

*L. Daniel O'Neill*
*Director & Counsel*
*ldoneill@oneill-company.com*

July 29, 2022

**EXHIBIT 10**

CONFIDENTIAL

The Board of Directors
KLMKH/Orpheum, Inc.
600 E. Lake Street
McLouth, KS 66054

Attn:   Mr. Anthony Melikhov
        Mr. David Hunt
        Mr. Andrew Kramer.  Esq.

*Via Email: amelikhov@klmkh.com, dnhunt@klmkh.com, akramer@klmkh.com*

**Re: Letter of Intent to Purchase Assets of KLMKH**

Gentlemen:

Marigny Partners Ltd. ("MPL" or the "Company") is pleased to present you with the following proposal to acquire all of the contributed assets of KLMKH at the merger of KLMKH Inc with Orpheum Properties Inc. dated January 28, 2020 (defined as "KLMKH").  MPL and KLMKH are collectively referred to as the "Parties" and individually as the "Party".

This Letter of Intent ("LOI") outlines the principle terms of the proposed transaction; the final terms and conditions will be evidenced by a definitive written agreement (the "Agreement") within 21 days of the execution of this LOI or on such other date to which the parties mutually agree.

Among other things, it is contemplated that the Agreement will provide for the following:

1. **Transaction.**  The transaction contemplates the Company will use its new oil and gas company, Marigny Oil & Gas, LLC ("MOG" or the "Buyer") to acquire 100% of the assets (inclusive of 100% of all of the working interests) of KLMKH that were contributed to the merger with Orpheum Inc. ("PLFF") in exchange for Two Million Seven Hundred Fifty Thousand ($2,750,000.00 USD) Dollars (the "Transaction").  MOG will purchase 100% of the contributed assets as well as all of the currently Authorized Preferred Shares of PLFF.  MOG is also prepared to offer consideration to KLMKH shareholders as well.

2. **Due Diligence**.  Prior to the closing of the Agreement, both parties reserve the right to conduct a due diligence review, including management meetings and financial review.  The

● Page 2                                                                                                July 29, 2022

    Transaction to be contingent upon satisfactory completion of business, legal, accounting and environmental due diligence by MPL. MPL and the Buyer are prepared to show proof of funds to complete the transaction to KLMKH. MLP shall have the right to inspect such books and records of the KLMKH as required to complete the diligence necessary to complete a Definitive Purchase Agreement subject to the confidentiality rules herein.

3. **Timeline**. Within 7 banking days of execution of this LOI, the parties will exchange due diligence requirements. Within 14 banking days of execution of this LOI, we will provide you with a Definitive Purchase Agreement and/or such other ancillary documents as considered necessary or appropriate. Within 30 banking days of the execution of this LOI the Parties anticipate that they will execute the Purchase Agreement and close this transaction as quickly as possible.

4. **Term**. The term of this LOI shall be for Ninety (90) banking days from the date of execution or earlier if it is replaced by a Definitive Agreement. The Parties agree that so long as diligence and legal review toward a Definitive Contract exists between the Parties the Term of the agreement can be extended.

5. **Definitive Purchase Agreement**. The Parties will work in good faith to agree on terms and to execute a Definitive Agreement covering the terms, timing, procedures, warrantees and legal requirements for the sale and purchase of the assets (as listed in the LOI) from KLMKH by MOG.

6. **Approvals**. The Definitive Purchase Agreement will require the approval of the Western District of North Carolina Bankruptcy Court overseeing this matter. Approvals from other regulatory parties may be required as well and will be defined in the Definitive Purchase Agreement.

7. **Additional Agreement Provisions**. The Definitive Purchase Agreement will contain customary representations, warranties, exclusions, and covenants as well as indemnification provisions that are reasonable and customary for transactions of this type. Additional provisions will be necessary to be agreed upon for the dispensation of the Shareholders of PLFF. There will be offered an opportunity to convert PLFF Shareholders into Shareholders of Marigny Oil and Gas.

8. **Consideration**. MOG will pay for the assets at closing which will constitute good and valuable consideration for the Transaction.

9. **Time is of the Essence**. The parties acknowledge that time is of the essence in concluding the transactions contemplated in this LOI and that the closing of the transaction contemplated herein will occur as soon as practicable after negotiation, and concurrent with or promptly after execution, of the Agreement.

10. **Cooperation**. Both parties shall take all reasonable actions to permit the other Party and its respective representatives to complete its due diligence review on a timely basis,

including furnishing or causing to be furnished to each Party and its agents and representatives information and documents.

11. **Binding Effect**. This letter is only a list of the proposed principal points that may become part of an agreement between the parties and does not contain all matters on which an agreement must be reached in order for a transaction to be consummated. However, this Section 11, and Sections 12 through 19 are binding on the Parties and shall be given full legal effect.

12. **Exclusivity***:* In consideration of the time and expense required on the part of both parties to enter into the due diligence and negotiation process, KLMKH agrees that for a period of Sixty (60) banking days from the date of this LOI or until such earlier time as the Parties mutually agree to terminate negotiations or abandon negotiations as provided in the following paragraphs, KLMKH and its owners will not, directly or indirectly, offer to sell, entertain or discuss any offer to sell, solicit or encourage any proposals regarding the sale of, or provide any information which may be used in the evaluation of a sale of, all or any part of the stock or assets (other than sales of inventory in the ordinary course of business) of KLMKH with any other Party. Should KLMKH breach this agreement, it acknowledges and agrees that MPL would be owed damages as determined by a court.

13. **Expenses**. Whether or not the transactions contemplated herein are consummated, all fees and expenses incurred in connection with this LOI including, without limitation, all legal, accounting, financial advisory, regulatory filings, transfer taxes, consulting and all other fees and expenses of third parties incurred by a Party in connection with the negotiation and effectuation of the terms and conditions of this LOI and the transactions contemplated hereby, shall be the obligation of the respective Party incurring such fees and expenses.

14. **Termination**. This letter shall expire at 6:00 P.M. (Eastern time zone) on August 5, 2022 and the Company shall withdraw its interest to pursue a transaction unless a fully executed copy of this letter is exchanged by such time by the Parties.

15. **Other Conditions**. No material adverse change having occurred in the business of KLMKH.

16. **Confidentiality**. The Parties agree to keep this term sheet and its contents confidential and not to distribute it or discuss it with other parties (other than legal and financial advisors, which will be informed of the confidential nature of this document) without the prior written consent of the Company. At such time as this LOI becomes effective, this prevision will be waived by the Parties. Notwithstanding the provisions of clause above the Parties shall be entitled to disclose such confidential information to any professional consultant who requires these information and data for the evaluation of the Transaction, subject however to the prior execution by such consultant of the confidentially undertaking.

17. **Securities** This term sheet is intended for discussion purposes only and is not an offer for the purchase or sale of the KLMKH's securities. Closing is subject to mutual

- Page 4                                                                                                                 July 29, 2022

    agreement and execution of final documentation between the Company and the Investor.

18. **Rule of Law**.  This letter is governed by the laws of the State of Kansas in the United States of America.

19. **Miscellaneous.**

    a. The interests, rights, duties, obligations and liabilities of the Parties shall be several and individual and not joint and collective, and shall be only those expressly set forth herein.

    b. From the effective date of this LOI, the Parties shall not enter into any commitment or incur any liabilities or obligations for or on behalf of the other Party in connection with the Project without the prior written consent of the other Party.  In this regard, no Party shall be deemed to be a representative, agent, or employee of any other Party for any purpose of the present LOI.

    c. No waiver of the terms of this LOI shall be valid unless the same is in writing and signed by a duly authorized officer of the Party waiving the protection of the term in question.

    d. No amendments, changes, or modifications to this LOI shall be valid except if they are in writing and approved by the Parties.

    e. If any of the provisions of this LOI is found to be invalid, this shall not affect the validity of the LOI as a whole and the Parties shall use their best endeavors to replace the invalid provision by a provision the purpose of which shall come as close as possible to that of the invalid.

    f. Copies of original signatures sent by facsimile transmission would be binding as evidence of such acceptance and agreement of this letter.

    g. This LOI may be executed in multiple counterparts, all of which taken together would constitute one fully executed letter.

    h. The undersigned Party Officers, on behalf of the Parties, represents warrants and covenants that this term sheet has been duly authorized, executed and delivered by the Parties.

We are happy to answer any questions that you may have regarding this offer.

Please confirm your understanding of the foregoing by countersigning below and returning by scanned copy or .PDF.  We look forward to working with you on this Transaction.

- Page 5                                                                                         July 29, 2022

Sincerely,

**Marigny Partners Ltd.**

By: _____                                    Date: July 29, 2022
        _____

L. Daniel O'Neill
Director & Counsel

Agreed to:

**KLMKH/Orpheum, Inc.**

By: _____                                    Date: _____

Its:

● Page 6                                                                                                                          July 29, 2022

**Disclaimer:** This document is issued for information purposes only. It is not to be construed as an offer or solicitation for the purchase or sale of any financial instruments or securities. This document is for distribution solely to persons permitted to receive it and to persons in jurisdictions who may receive it without breaching applicable legal or regulatory requirements. In particular, this document is intended for distribution, only to professional investors within the meaning of the Securities and Futures Ordinance. The information and any opinions given have been obtained from or based on sources believed to be reliable. This document does not identify all the risks (direct or indirect) or other considerations which might be material to you when entering into any financial transactions. All prices are indicative only and dependent upon market conditions. MPL accepts no liability whatsoever for any direct, indirect consequential loss arising from or in connection with any use of, or reliance on, this document. Past performance is not indicative of future performance. Returns are gross of transaction costs and gross of fees and charges. All statistics are calculated on monthly returns. Source: MPL, as of July 10, 2022.

**Offering Notice:** The following document is for informational purposes only and does not constitute an offering of securities under any applicable Federal or State law or under regulations of the U.S. Securities Exchange Commission ("SEC"), the U.S. Financial Industry Regulatory Authority ("FINRA"), the United Kingdom Financial Conduct Authority ("FCA"), the United Kingdom Prudential Regulation Authority ("PRA"), the German Financial Supervisory Authority ("GFSA"), the Swiss Financial Market Supervisory Authority ("FINMA"), the Japanese Financial Services Agency ("FSA"), the Hong Kong Securities and Futures Commission ("SFC"), the Brazil Securities Commission ("CVM"), the Monetary Authority of Singapore ("MAS") & the Singapore Exchange ("SGX"), nor any other securities regulatory body. The sending of this informational document is non-solicitous in nature and may not be claimed to be an offer.

**Confidentiality Notice:** The information contained in this document is confidential and intended only for the recipient. The contents may not be disclosed or used by anyone other than the addressee. If you are not the intended recipient, please notify us immediately at the above contact details. Sender cannot accept any responsibility for the accuracy or completeness of this message as it has been transmitted over a public non-secure network. This document and the attached related documents are never to be considered a solicitation for any purpose in any form or content or under and securities law or regulation. Upon receipt of these documents you, as the Recipient, hereby acknowledge this notice and disclaimer. If acknowledgment is not accepted, Recipients must return the document and all attachments, in their original receipted condition, to the Sender immediately.

**Forward-Looking Statements:** The Private Securities Litigation Reform Act of 1995 provides a "safe harbor" for forward-looking statements so long as those statements are identified as forward-looking and are accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those projected in such statements. All of the statements contained in this release, which are not identified as historical, should be considered forward-looking. In connection with certain forward-looking statements contained in this release and those that may be made in the future by or on behalf of the Company which are identified as forward-looking, the Company notes that there are various factors that could cause actual results to differ materially from those set forth in any such forward-looking statements. Such factors include, but are not limited to, the oil & gas markets, the availability of logistics and transport, the availability of feedstock at acceptable prices, the availability of financing, interest rates, and the U.S. and European financial markets. Accordingly, there can be no assurance that the forward-looking statements contained in this release will be realized or that actual results will not be significantly higher or lower.

The forward-looking statements have not been audited by, examined by, or subjected to agreed-upon procedures by independent accountants, and no third party has independently verified or reviewed such statements. Readers of this release should consider these facts in evaluating the information contained herein. The inclusion of the forward-looking statements contained in this release should not be regarded as a representation by the Company or any other person that the forward-looking statements contained in this release will be achieved. In light of the foregoing, readers of this LOI are cautioned not to place undue reliance on the forward-looking statements contained herein.